United States District Court
Southern District of Texas
**ENTERED**
December 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| AMARIO LYNN MCPHERSON, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-00292 |
| § | |
| TEXAS BOARD OF PARDONS & § | |
| PAROLES, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Amario Lynn McPherson is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. On November 23, 2020, McPherson filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, claiming that he is not in custody pursuant to a state judgment and that the TDCJ is violating his due process and equal protection rights by keeping him in custody. (D.E. 1, 3).[1] McPherson contends that his life sentence ceased to operate on January 7, 2010, when the Texas Board of Pardons and Paroles ("Respondent") was required to designate that he was parole eligible, and that his consecutive three-year sentence has since been completed. For the reasons discussed further below, it is recommended that McPherson's petition be dismissed prior to service pursuant to the screening provisions of

---

[1] In July 2020, McPherson filed a § 2241 petition raising a similar claim in case number 2:20-cv-00186. The District Court dismissed the petition on September 11, 2020.

Rule 4 of the Rules Governing Section 2254 Cases[2] because it is plain from the petition and attached memorandum that McPherson is not entitled to relief.

## I. DISCUSSION

In his petition and attached memorandum of law, McPherson contends that, liberally construed, he is entitled to release under the Texas parole laws and, therefore, he is not being held pursuant to a state judgment. (D.E. 1 at 6; D.E. 3 at 2-10). McPherson argues that Respondent was required to designate him as parole eligible on January 7, 2010, and that the failure to do so meant that his life sentence for murder ceased to operate as of that date. (D.E. 1 at 6; D.E. 3 at 2-5, 7-10). Accordingly, McPherson argues that his three-year consecutive sentence for assault on a public servant began to run at that time and has since been served in-full, meaning he is now being illegally held in custody after the completion of his sentence. (D.E. 1 at 6; D.E. 3 at 5-6).

McPherson's argument is insufficient to raise a claim cognizable in a § 2241 petition. McPherson's argument is centered on his contention that Respondent did not follow state law when it failed to designate that he was parole eligible. Even assuming that McPherson is correct that Respondent failed to follow state law, a state prisoner raising a claim under § 2241 must show that he is in custody in violation of the United States Constitution. 28 U.S.C. § 2241(c)(3). States have no constitutional duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration

---

[2] The Rules Governing Section 2254 Cases may also be applied to a § 2241 petition. Rule 1(b). A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

of his sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). There is no constitutional expectation of parole in Texas. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Thus, the Texas parole statutes do not confer a liberty interest protected by due process. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). In short, the Texas parole laws do not confer a constitutional right to be released before the full completion of a sentence and, thus, McPherson cannot obtain relief under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3).

Regardless, McPherson's interpretation of the parole laws is incorrect. Under Texas law, when an offender receives consecutive sentences, the first sentence ceases to operate "on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence." Tex. Gov't Code § 508.150(b)(2). However, Texas courts have interpreted this language to mean that the sentence ceases to operate when the inmate actually makes parole, not merely when he becomes eligible. *Byrd v. State*, 499 S.W. 3d 443, 447-48 (Tex. Crim. App. 2016). Thus, for the life sentence to cease to operate and the three-year consecutive sentence to begin to run, a parole panel would have to find that McPherson should be released on parole for the murder conviction, at which point his consecutive sentence would begin.

## II. RECOMMENDATION

Accordingly, it is recommended that McPherson's § 2241 petition (D.E. 1) be DISMISSED pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases. It is plain from the petition and attached memorandum that McPherson is not entitled to relief.

Respectfully submitted on December 4, 2020.

                                                                                               _____
                                                                Julie K. Hampton
                                                            United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).